B104
(Rev. 2/92)

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Reverse)

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jill and William Scott | George J. Burke |

| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) |
|---|---|
| Law Office of Paul L Ross Jr. Paul L Ross Jr., Esq. (637473) 118 Rattlesnake Hill Rd, Andover, MA 01810 (978) 409 1197 | George Malonis, Esq. (549479) 14 Loon Hill Road Dracut, MA 01826   978 453-4500 |

**PARTY** (Check one box only)  ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☒ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Adversarial proceeding seeking a declaratory judgment that certain debts of defendant debtor are non dischargeable under 11 U.S.C. §523(a)(2)A and/or §523(a)(6), for debtor taking of payments under false pretenses and willful conversion of said funds.

### NATURE OF SUIT
(Check the one most appropriate box only.)

☐ 454 To recover money or property

☐ 435 To determine validity, priority, or extent of a lien or other interest in property

☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☐ 424 To object or to revoke a discharge 11 U.S.C. § 727

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☒ 426 To determine the dischargeability of a debt 11 U.S.C. § 523

☐ 434 To obtain an injunction or other equitable relief

☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan

☐ 456 To obtain a declaratory judgment relating to any of the foregoing causes of action

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 498 Other (specify)

| ORIGIN OF PROCEEDINGS (Check one box only.) | ☒ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|

| DEMAND | NEAREST THOUSAND $ 50,000 | OTHER RELIEF SOUGHT | | ☐ JURY DEMAND |
|---|---|---|---|---|

### BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR George J. Burke | BANKRUPTCY CASE NO. 05-46456-JBR | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Massachusetts | DIVISIONAL OFFICE Western Div - Worcester | NAME OF JUDGE |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)   ☒ FEE ATTACHED   ☐ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE 12-27-05 | PRINT NAME Paul L Ross Jr, Esq. | SIGNATURE OF ATTORNEY (OR PLAINTIFF) Paul L Ross Jr. |
|---|---|---|

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| In re<br><br>GEORGE J. BURKE,<br><br><br>Debtor.<br><br>JILL AND WILLIAM SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>GEORGE J. BURKE,<br><br>Defendant. | Case No. 05-46456 ~**JBR**<br>Chapter 7<br><br><br><br><br><br><br>Adv. Proc. No. _____ |

## COMPLAINT TO CHALLENGE DISCHARGEABILITY OF DEBT

Jill and William Scott, claimants in the above captioned Chapter 7 case ("Plaintiffs" or

"Scotts"), bring this action seeking entry of a declaratory judgment determining that certain debts

owed by the Defendant, George J. Burke ("Burke"), to them are nondischargeable under 11

U.S.C. § 523(a)(2)(A) and/or § 523(a)(6).

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and 28

U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I) and (J).

3.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1409.

### PARTIES

4.  Plaintiff Jill Scott is an individual residing at 18 Woodside Terrace, Woburn, Massachusetts.

5.  Plaintiff William Scott is an individual residing at 18 Woodside Terrace, Woburn, Massachusetts.

6.  George J. Burke is an individual residing at 367 Boston Road, Billerica, Middlesex County, Massachusetts, Middlesex County, Massachusetts, Massachusetts, and is the Debtor in the above-captioned Chapter 7 case.

7.  Burke does business as Burke Construction, a general contracting company that was based at 367 Boston Road, Billerica, Massachusetts at all times relevant to this Complaint.

## PROCEDURAL BACKGROUND

8.  On or about September 16, 2005, Burke filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code, commencing Case No. 05-46456-lbr. (the "Petition Date")

9.  Joeseph Baldiga, Esq., was subsequently appointed as the Chapter 7 Trustee of the Burke bankruptcy.

## FACTUAL BACKGROUND

10.  After extended discussions, the Scotts engaged Burke to construct an addition to their home located at 18 Woodside Terrace, Woburn, Middlesex County, Massachusetts (the "Residence").

11.  The Scotts obtained design plans for an addition to the Residence to add a family room and limited renovation to the existing ranch house (the "Project").

12.  Burke reviewed the plans and met with the Scotts regarding the scope of work for the entire project including the addition, residing the house to match the addition, repaving the driveway, and reroofing the main house.

13.    In February 2004, Burke told the Scotts he could complete the Project for $70,000.

14.    A few days later Burke called William Scott and told him the Project would cost $80,000.

15.    Based upon Burke's representations regarding the cost of construction, the Scotts engaged Burke to complete the work.

16.    Despite the Scotts' requests, Burke provided no written contract at the beginning of the project but assured William Scott that he would provide a detailed breakdown of all proposed construction costs.

17.    Based upon Burke's representations and subsequent actions, Burke is engaged in residential contracting including the "reconstruction, alteration, renovation, repair, modernization" and "demolition" of a single family owner occupied dwelling as defined in M.G.L. c. 142A, §1.

18.    During the time in question, George Burke was registered as Home Improvement Contractors as required by M.G.L. c.142A, §1 et seq.  George Burke listed his address as 367 Post Road, Billerica, Massachusetts.

19.    At various times in connection with the proposal for and subsequent construction of the Project, Burke repeatedly made the following representations to the Scotts concerning Burke and Burke's work on the Project:

(a)    Burke would provide a detailed breakdown of the proposed construction costs;

(b)    The Project would be constructed in a good and workmanlike manner;

(c)    Burke would handle all permitting issues with the City of Woburn;

(d)    Burke would provide a detailed breakdown of the proposed cost of the project;

(e) Burke would complete the Renovation Project in accordance with the Massachusetts State Building Code and Industry Standards.

20. Burke made these representations with the intent to induce the Scotts' to engage George Burke and Burke Construction to perform the construction work for the Project and further induce payments from the Scotts for said work.

21. The Scotts, not experienced in construction, relied upon Burke's representations, including but not limited to those listed above, in engaging George Burke and Burke Construction to perform the construction work for the Project.

22. Burke, at all times material hereto, was responsible and/or in control of the Project including without limitation the furnishing of labor, materials, and construction supervision.

23. Burke did not discuss any building permit application forms with the Scotts at any time but only stated that the City of Woburn building permit fee was $4,000.00.

24. At all times, Burke was solely responsible for obtaining the building permit including handling all related building inspections and coordination with the City of Woburn Building Department.

25. Subsequent to Burke's departure from the Project, William Scott met with the City of Woburn Building Inspector and reviewed their file for the Project. This file included a building permit application allegedly signed by William Scott.

26. William Scott did not sign this building permit.

27. Upon information and belief, Burke forged William Scott's name on the building permit to hide the actual cost of the building permit from the Scotts.

28. The cost of construction listed on the permit was $45,000.00 which is substantially lower than the $80,000 price quoted by George Burke.

-4-

29.     The cost of the permit fee listed on the permit was $450.00.  This is $3550.00 less than the $4000.00 billed by Burke and collect from the Scotts for this application fee.

30.     Burke periodically demanded payments from the Scotts and to date the Scotts have paid in excess of $70,000.00 to Burke or his subcontractors, as directed by Burke.

31.     During the Fall of 2004, William Scott repeatedly demanded that Burke provide the promised cost breakdown for the Project.

32.     Burke persistently failed and refused to provide the comprehensive cost breakdown he had repeatedly promised.

33.     After substantial delay in making any progress on the Project, Burke repeatedly promised but failed to recommence work or even deliver materials to the project.

34.     On September 22, 2004, Burke requested and was paid an additional $25,000 for lumber materials including the doors, windows, siding and decking materials.  See Exhibit 1, Check No. 5321 dated Sep 22, 2004.

35.     Despite accepting the $25,000 payment, Burke never delivered the materials to the Project nor refunded the Scotts' payment.

36.     As of December 2004, the addition was only framed and roofed.  No windows, doors or siding had been installed on the addition leaving the addition exposed to severe winter weather.  In addition, a substantial portion of the main house siding had been removed and not reinstalled leaving the main house exposed to weather damage and substantial heat loss.  No plumbing, electrical, insulation or interior finishes had even been started in the addition.

37.     As a result of Burke's multiple breaches of contract, misrepresentations, repeatedly broken promises to recommence the work and failure to properly perform the renovation work, the Scotts terminated Burke's contract on or about January 12, 2005.

38. The Scotts are now trying to complete the project with their limited available funds. However, all potential replacement contractors have estimated that the completion costs will be substantially higher than the $10,000.00 remaining unpaid balance of Burke's contract.

39. Each of the misrepresentations of fact made by Burke to the Scotts was material and pertained to material elements of the parties' business relationship.

40. Each time Burke misrepresented material facts to the Scotts or failed to disclose material information, he was inducing the Scotts to make payment to Burke and/or continue working with Burke.

41. Burke acted with intent to deceive the Scotts into making further payments to Burke for work that had not been performed and/or for supplies that were not purchased for the Scotts behalf.

42. As a result of Burke's intentional conduct, the Scotts have been harmed.

43. Burke committed the tort of fraudulent misrepresentation in his dealings with the Scotts.

44. In addition, by obtaining payment from the Scotts fraudulently, Burke intentionally and wrongfully exercised control over the Scotts' personal funds.

45. Upon subsequent inspection of their canceled checks, the Scotts discovered that all eleven checks made payable directly to George Burke had in fact been endorsed over to Theresa Amirto, personally. See Exhibit 2, 11 checks totaling $49,264.30.

46. Theresa Amirto is, upon information and belief, George Burke's wife and resides at 367 Boston Road, Billerica, Massachusetts.

47. Burke, on behalf of Burke Construction, used the funds obtained from the Scotts primarily for purposes not relating to the Project.

47.     Burke, on behalf of Burke Construction, used the funds obtained from the Scotts primarily for purposes not relating to the Project.

48.     Burke, therefore, converted a minimum of $49,264.30 of the Scotts' personal property when Burke, obtained payment from the Foxes on false pretenses.

49.     Burke, as the representative of Burke Construction, is personally liable to the Scotts for damages caused by his conversion.

## COUNT I

(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A))

50.     The Plaintiffs reallege and reinstate the allegations contained in Paragraphs 1 through 47 above.

51.     Burke made a series of fraudulent misrepresentations to the Scotts in order to obtain money from the Scotts.

52.     Burke obtained money from the Scotts using false pretenses.

53.     Burke is personally liable to the Scotts for damages incurred by the Scotts in connection with the Project.

54.     The Scotts were justified in their reliance on the misrepresentations made by Burke to them when they remitted payment to Burke for the Project.

55.     Burke intended to deceive the Scotts when he requested payment and/or failed to deliver the labor and materials to the Project.

56.     The Debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

## COUNT II

(Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(6))

57.　The Plaintiffs reallege and reinstate the allegations contained in Paragraphs 1 through 54 above.

58.　Burke converted the Scotts' personal property.

59.　Burke is personally liable for the harm to the Scotts caused by the conversion of their personal property.

60.　Burke caused willful and malicious injury to the Scotts' property.

61.　The Debt is nondischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, Jill and William Scott request that this Court:

(1)　declare that Burke's obligations to the Plaintiffs are nondischargeable under 11 U.S.C. § 523(a)(2)(A) and/or § 523(a)(6); and

(2)　enter an order directing any other such relief as is just and equitable.

Respectfully submitted,
WILLIAM AND JILL SCOTT
By their attorney,

Paul L. Ross (BBO #637473)
Law Office of Paul L. Ross Jr.
118 Rattlesnake Hill Road
Andover, MA 01810
Phone and Fax:  (978) 409-1197

Date:  December 27, 2005

-8-

EXHIBIT 1

WILLIAM R. SCOTT III
JILL E. SCOTT
18 WOODSIDE TER.
WOBURN MA 01801                                          5321

                                            Date SEP 22, 2004

Pay To The Order of  George Burke                    $ 25,000.00

Twenty five thousand and 00/100 ———— Dollars

DIRECT FEDERAL CREDIT UNION
NEEDHAM HEIGHTS MA 02194

For  lumber                        Wm B Scott

⑆211381783⑆   016000242⑈ 5321   ⑆0002500000⑆

FISERV-BOSTON (AGENT)   CITIZENS
                         RIVERSIDE RI 09222004
050727958 09-23-04
050727958 1100 1100 30
09232004
0110-0001-5
ENT=1851 TRC=1851 PK=18
0613821277

EXHIBIT Z

**WILLIAM R. SCOTT III**
**JILL E. SCOTT**
18 WOODSIDE TER.
WOBURN MA 01801

5321

Date SEP 22, 2004

Pay To The Order of George Burke      $ 25,000.00

Twenty five thousand and 00/100 — Dollars

DIRECT FEDERAL CREDIT UNION
NEEDHAM HEIGHTS MA

For lumber      Wm R Scott

⑆211381783⑆ 016000242⑆ 5321 ⑈0002500000⑈

FISERV-BOSTON (AGENT)
050727958 09-23-04
050727958 1100 1100 30

CITIZENS
RIVERSIDE RI 09222004

09232004
0110-0001-5
BNT=1851 TRC=1851 PR=18
0613821277

ENDORSE HERE









WILLIAM R. SCOTT III
JILL E. SCOTT
19 WOODSIDE TER.
WOBURN MA 01801

5301

June 19, 2004

Pay To The
Order of _George Burke_                    $ 1000.00

One Thousand and 00/100 ———————— Dollars

DIRECT FEDERAL CREDIT UNION

For _____              Jack Scott III

WILLIAM R. SCOTT III
JILL E. SCOTT
16 WOODSIDE TER.
WOBURN MA 01801

**5297**

53-617/2113

Date 6-3-2004

Pay To The Order of _George Burke_    $ 4264.30

Four thousand two hundred sixty four and 30/100 Dollars

DIRECT FEDERAL CREDIT UNION

For _____

⑈2113817831⑈    016000242⑈ 5297    ⑈00004264304

FISERV-BOSTON (AGENT)
058546025  06-07-04
058546025  1100 1101
06072004
0110-0001-5
ENT=1286  TRC=1286  PK=18

A scanned cancelled check, number 5289, dated 4-26-04, drawn by WILLIAM R. SCOTT III / JILL E. SCOTT, 18 WOODSIDE TER., WOBURN MA 01801. Pay To The Order of: George Burke, for $4000.00, "Four thousand and 00/100 Dollars," DIRECT FEDERAL CREDIT UNION, signed William R. Scott. Back shows endorsement and bank processing marks including FISERV-BOSTON (AGENT), CITIZENS RIVERSIDE RI, "For Deposit only."